TIMOTHY J. YOO (SBN 155531)
JULIET Y. OH (SBN 211414)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: tjy@lnbyb.com, jyo@lnbyb.com

Proposed Attorneys for Chapter 11 Debtor
and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:16-bk-23836-SK |
| BLUE BEE, INC., | Chapter 11 |
| Debtor. | **STATUS REPORT RE: DEBTOR'S EMERGENCY MOTION FOR AN INTERIM ORDER AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL ON AN INTERIM BASIS PENDING A FINAL HEARING; DECLARATION OF JEFF SUNGHAK KIM IN SUPPORT THEREOF** |
| | <u>Final Hearing:</u> |
| | Date: November 30, 2016 |
| | Time: 9:30 a.m. |
| | Courtroom: 1575 |
| | Location: 255 E. Temple Street |
| | Los Angeles, California |

1

**TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, ALL SECURED CREDITORS, THE TWENTY LARGEST UNSECURED CREDITORS, AND ALL PARTIES WHO HAVE REQUESTED SPECIAL NOTICE IN THIS CASE:**

Blue Bee, Inc. d/b/a ANGL, a California corporation and the debtor and debtor-in-possession in the above-captioned Chapter 11 bankruptcy case (the "Debtor"), hereby files this status report ("Status Report") in advance of, and in preparation for, the final hearing on the *Debtor's Emergency Motion For An Interim Order Authorizing Debtor To Use Cash Collateral On An Interim Basis Pending A Final Hearing* [Doc. No. 9] (the "Motion") scheduled on November 30, 2016 at 9:30 a.m.[1]

The Debtor filed its Motion on October 24, 2016. Pursuant to the Motion, the Debtor sought Court authority, on an interim basis pending a final hearing, to use its cash collateral to fund the Debtor's business operations and the administration of the Debtor's bankruptcy case, in accordance with that certain operating budget which was submitted by the Debtor in support of the Motion (the "Original Budget"). At the interim hearing on the Motion held on November 1, 2016 at 9:00 a.m., the Court granted the Motion on an interim basis, pending a final hearing which is currently set on November 30, 2016 at 9:30 a.m. The Court entered an interim order accordingly on November 1, 2016 [Doc. No. 36].

### A.   Proposed Modifications To The Budget

At the interim hearing on the Motion held on November 1, 2016, counsel for various landlords raised the issue of payment of "stub rent" for the Debtor's retail store locations (*i.e.*, the rent for the post-petition "stub" period of October 19, 2016 through October 31, 2016) as the Original Budget did not provide for payment of any stub rent. In an effort to avoid potentially costly litigation with the Debtor's landlords regarding the payment of stub rent (as well as the timing thereof), the Debtor has endeavored to propose a feasible plan for the payment of stub

---

[1] All capitalized terms not specifically defined herein shall have the meanings ascribed to them in the Motion.

2

rent.[2]  The Debtor has determined that, based upon its anticipated cash flow during the next approximately 30-60 days, it will be able to pay 50% of the stub rent by no later than November 30, 2016, and the remaining 50% of the stub rent by no later than December 31, 2016. Accordingly, the Debtor has revised its Original Budget to reflect the foregoing stub rent payments. The Debtor's revised budget (the "Revised Budget") is attached as **Exhibit "1"** to the Declaration of Jeff Sunghak Kim (the "Kim Declaration") annexed hereto.

The Revised Budget also reflects the following additional updates and/or modifications:

- *Payment of November Rents.*  The Original Budget proposed to spread out the payment of November, 2016 rents to the Debtor's landlords over the course of the month of November, 2016 based upon the Debtor's anticipated cash flow. The Revised Budget provides for the expedited payment of November, 2016 rents, with such rents to be paid in full within the first three weeks of November, 2016.

- *Payment of December Rents.*  The Original Budget proposed to spread out the payment of December, 2016 rents to the Debtor's landlords over the course of the month of December, 2016 based upon the Debtor's anticipated cash flow. The Revised Budget provides for the expedited payment of December, 2016 rents, with such rents to be paid in full within the first two weeks of December, 2016.

- *Reduction of January Rent And Corresponding Reduction In Revenues.*  The Debtor anticipates rejecting a number of its retail store leases and closing such retail stores in January, 2017. Accordingly, the Revised Budget reflects a reduced aggregate rent amount for the month of January, 2017. Based upon the anticipated closure of a number of the Debtor's retail stores in January, 2017, the

---

[2] The Debtor notes that certain landlords who are represented by the law firm of Allen Matkins Leck Gamble Mallory & Natsis LLP and Ballard Spahr filed "limited objections" to the Motion on November 16, 2016 (the same date that this Status Report is being filed and served) based primarily upon the fact that the Original Budget failed to provide for the timely payment of November and December, 2016 rents and/or the payment of October stub rent. The Debtor believes that the revised Budget which is attached to this Status Report and is being requested to be approved by the Court adequately addresses the landlords' concerns regarding the timely payment of November and December, 2016 rents and the payment of October stub rent, and therefore, no adequate protection – in the form of liens or otherwise – is warranted. The Debtor expressly objects to the granting of any lien on assets of the Debtor's bankruptcy estate to any of the landlords.

1  Debtor's projected sales revenue, sales tax collections, and certain of the Debtor's operating expenses (including, without limitation, merchandise purchases) have been reduced correspondingly.

- *Proposed Post-Petition Financing.* The Debtor is currently negotiating the terms by which the Debtor will obtain a post-petition unsecured loan from a third party, T-Party (the "DIP Loan"). The Debtor anticipates that the amount of the DIP Loan will be approximately $50,000, all of which will be used exclusively to purchase additional inventory to stock the Debtor's retail stores prior to the upcoming Thanksgiving (Black Friday) and Christmas holiday sale periods. Upon completing the documentation of the DIP Loan, the Debtor will immediately file a separately noticed motion with this Court to seek approval of the terms of the DIP Loan. The Revised Budget reflects the anticipated DIP Loan in the amount of $50,000 and a corresponding increase in merchandise purchases.

### B.    Additional Secured Debt

In the Motion, the Debtor indicated that it is the borrower under two (2) separate loans with its senior secured lender, Pacific City Bank (the "Bank"), as described below:

1. The Debtor is the borrower under a U.S. Small Business Administration loan with the Bank (the "SBA Loan"), pursuant to a Loan Agreement dated July 24, 2014 between the Debtor and the Bank. The Debtor is currently indebted to the Bank in the amount of approximately $1,660,000 under the SBA Loan. The Bank filed UCC-1 financing statements against the Debtor and its predecessor, Angl, Inc. asserting a lien against substantially all of the assets of the Debtor and Angl, Inc.

2. The Debtor is the borrower under a term loan bearing the Loan Number 134077 with the Bank (the "Term Loan"), pursuant to a Business Loan Agreement dated November 2, 2015 between the Debtor and the Bank. The Debtor is currently indebted to the Bank in the amount of approximately $442,000 under the Term Loan.

In the Motion, the Debtor inadvertently failed to disclose a third loan that the Debtor obtained from the Bank pursuant to a Business Loan Agreement dated July 23, 2014 bearing the Loan Number 133776 (the "Second Term Loan").  The Debtor is currently indebted to the Bank in the amount of approximately $1,500,000 under the Second Term Loan.  The Second Term Loan was inadvertently undisclosed because the Second Term Loan is secured by certain non-Debtor assets, including commercial real property owned by the Debtor's affiliate, Peace People, LLC (the "Affiliate Commercial Property"), from which the Second Term Loan is anticipated to be repaid in full shortly.  Specifically, the Affiliate Commercial Property has been in escrow to be sold to a third party for the purchase price of $4,800,000.  Although the sale of the Affiliate Commercial Property to the original buyer was estimated to close on December 12, 2016, the original buyer has not been able to proceed with such sale and Peace People, LLC is therefore proceeding with the sale of the Affiliate Commercial Property to the backup buyer (for the same purchase price – $4,800,000).  The Debtor is informed that the sale of the Affiliate Commercial Property to the backup buyer is estimated to close in mid-January, 2017.  The sale of the Affiliate Commercial Property will result in the full satisfaction of, among other things, the Second Term Loan.  A true and correct copy of the Seller's Estimated Settlement Statement for the sale of the Affiliate Commercial Property to the original buyer (which will be substantially similar to the estimated settlement statement for the sale to the backup buyer since the purchase price will remain the same) is attached as **Exhibit "2"** to the Kim Declaration annexed hereto.

The pending sale of the Affiliate Commercial Property will also result in the full satisfaction of the Debtor's other Term Loan with the Bank as well as the loan obtained by Peace People, LLC from Wells Fargo Bank pursuant to a Business Loan Agreement dated February 17, 2014 (the "Wells Fargo Loan").  As noted in the Motion, the Debtor provided a commercial guaranty of Peace People, LLC's obligations under the Wells Fargo Loan, which guaranty is purported to be secured by substantially all assets of the Debtor.[3]

---

[3] As set forth in the Motion, the Debtor does not concede that Wells Fargo Bank has a valid and properly perfected security interest and lien in the Debtor's cash and/or other assets.

1   Based on the foregoing, although the aggregate amount of the Debtor's potentially
2   secured debt is higher than originally described in the Motion, the pending sale of the Affiliate
3   Commercial Property will result in the payoff of the Wells Fargo Loan, the Term Loan and the
4   Second Term Loan, thereby substantially reducing the overall amount of the Debtor's secured
5   debt.

6   WHEREFORE, for all of the reasons set forth in the Motion, and subject to the
7   modifications described in this Status Report, the Debtor respectfully requests that this Court
8   enter an order granting the relief requested in the Motion on a final basis and authorizing the
9   Debtor to use cash collateral in accordance with the Revised Budget and the terms and
10  conditions set forth in the Motion.

11  Dated: November 16, 2016        BLUE BEE, INC.

By: _____
TIMOTHY J. YOO
JULIET Y. OH
LEVENE, NEALE, BENDER, YOO
    & BRILL L.L.P.
Proposed Attorneys for Debtor and
Debtor-in-Possession

## DECLARATION OF JEFF SUNGHAK KIM

I, Jeff Sunghak Kim, hereby declare as follows:

1. I am over 18 years of age. I am the co-founder and President of Blue Bee, Inc., d/b/a ANGL, a California corporation and the debtor and debtor in possession in the above-captioned Chapter 11 bankruptcy case (the "Debtor"), and am therefore familiar with the business operations and financial books and records of the Debtor. I have personal knowledge of the facts set forth below and, if called to testify as a witness, I could and would competently testify thereto.

2. I have access to the Debtor's books and records. As the co-founder and President of the Debtor, I am familiar with the history, organization, operations and financial condition of the Debtor. The records and documents referred to in this Declaration constitute writings taken, made, or maintained in the regular or ordinary course of the Debtor's business at or near the time of act, condition or event to which they relate by persons employed by the Debtor who had a business duty to the Debtor to accurately and completely take, make, and maintain such records and documents. The statements set forth in this declaration are based upon my own personal knowledge and my review of the Debtor's books and records.

3. I make this declaration in support of the Debtor's status report (the "Status Report") in advance of, and in preparation for, the final hearing on the *Debtor's Emergency Motion For An Interim Order Authorizing Debtor To Use Cash Collateral On An Interim Basis Pending A Final Hearing* (the "Motion"), to which Status Report this declaration is attached. All capitalized terms not specifically defined herein shall have the meanings ascribed to them in the Status Report.

4. Pursuant to the Motion, the Debtor sought Court authority, on an interim basis pending a final hearing, to use its cash collateral to fund the Debtor's business operations and the administration of the Debtor's bankruptcy case, in accordance with that certain operating budget which was submitted by the Debtor in support of the Motion (the "Original Budget").

5. At the interim hearing on the Motion held on November 1, 2016, which I attended, counsel for various landlords raised the issue of payment of "stub rent" for the Debtor's retail store locations (*i.e.*, the rent for the post-petition "stub" period of October 19, 2016 through October 31,

7

2016) as the Original Budget did not provide for payment of any stub rent.

6.    In an effort to avoid potentially costly litigation with the Debtor's landlords regarding the payment of stub rent (as well as the timing thereof), the Debtor has endeavored to propose a feasible plan for the payment of stub rent. The Debtor has determined that, based upon its anticipated cash flow during the next approximately 30-60 days, it will be able to pay 50% of the stub rent by no later than November 30, 2016, and the remaining 50% of the stub rent by no later than December 31, 2016. Accordingly, the Debtor has revised its Original Budget to reflect the foregoing payment plan for stub rent. The Debtor's revised budget (the "Revised Budget") is attached as **Exhibit "1"** hereto.

7.    The Revised Budget also reflects certain other updates and/or modifications, as described in detail in the Status Report.

8.    In the Motion, the Debtor indicated that it is the borrower under two (2) separate loans with its senior secured lender, Pacific City Bank (the "Bank"), as described below:

- The Debtor is the borrower under a U.S. Small Business Administration loan with the Bank (the "SBA Loan"), pursuant to a Loan Agreement dated July 24, 2014 between the Debtor and the Bank. The Debtor is currently indebted to the Bank in the amount of approximately $1,660,000 under the SBA Loan. The Bank filed UCC-1 financing statements against the Debtor and its predecessor, Angl, Inc. asserting a lien against substantially all of the assets of the Debtor and Angl, Inc.

- The Debtor is the borrower under a term loan bearing the Loan Number 134077 with the Bank (the "Term Loan"), pursuant to a Business Loan Agreement dated November 2, 2015 between the Debtor and the Bank. The Debtor is currently indebted to the Bank in the amount of approximately $442,000 under the Term Loan.

9.    In the Motion, the Debtor inadvertently failed to disclose a third loan that the Debtor obtained from the Bank pursuant to a Business Loan Agreement dated July 23, 2014 bearing the Loan Number 133776 (the "Second Term Loan"). The Debtor is currently indebted to the Bank in the amount of approximately $1,500,000 under the Second Term Loan. The Second

Term Loan was inadvertently undisclosed because the Second Term Loan is secured by certain non-Debtor assets, including commercial real property owned by the Debtor's affiliate, Peace People, LLC (the "Affiliate Commercial Property"), from which I anticipate the Second Term Loan will be repaid in full shortly. Specifically, the Affiliate Commercial Property has been in escrow to be sold to a third party for the purchase price of $4,800,000. Although I am advised and believe that the sale of the Affiliate Commercial Property to the original buyer was estimated to close on December 12, 2016, the original buyer has not been able to proceed with such sale and Peace People, LLC is therefore proceeding with the sale of the Affiliate Commercial Property to the backup buyer (for the same purchase price – $4,800,000). I am informed and believe that the sale of the Affiliate Commercial Property to the backup buyer is estimated to close in mid-January, 2017.

10. The sale of the Affiliate Commercial Property will result in the full satisfaction of, among other things, the Second Term Loan. A true and correct copy of the Seller's Estimated Settlement Statement for the sale of the Affiliate Commercial Property to the original buyer (which I understand and believe will be substantially similar to the estimated settlement statement for the sale to the backup buyer since the purchase price will remain the same) is attached as **Exhibit "2"** hereto.

11. The pending sale of the Affiliate Commercial Property will also result in the full satisfaction of the Debtor's other Term Loan with the Bank as well as the loan obtained by Peace People, LLC from Wells Fargo Bank pursuant to a Business Loan Agreement dated February 17, 2014 (the "Wells Fargo Loan"). As noted in the Motion, the Debtor provided a commercial guaranty of Peace People, LLC's obligations under the Wells Fargo Loan, which guaranty is purported to be secured by substantially all assets of the Debtor.[4]

///

---

[4] As set forth in the Motion, the Debtor does not concede that Wells Fargo Bank has a valid and properly perfected security interest and lien in the Debtor's cash and/or other assets.

1   I declare under penalty of perjury that the foregoing is true and correct.

2   Executed this 16th day of November, 2016, at Los Angeles, California.

_____
Jeff Sunghak Kim

# EXHIBIT "1"

[Revised Budget]

**ANGL**

**13 Week Cash Flow**

| Week No. | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Week Beginning | 23-Oct | 30-Oct | 6-Nov | 13-Nov | 20-Nov | 27-Nov | 4-Dec | 11-Dec | 18-Dec | 25-Dec | 1-Jan | 8-Jan | 15-Jan |
| Week Ending | 29-Oct | 5-Nov | 12-Nov | 19-Nov | 26-Nov | 3-Dec | 10-Dec | 17-Dec | 24-Dec | 31-Dec | 7-Jan | 14-Jan | 21-Jan |
| No. | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast |
| **Receipts** | | | | | | | | | | | | | |
| **Beginning Balance** | 93,914 | 181,530 | 191,368 | 135,389 | 183,008 | 164,816 | 129,282 | 51,255 | 100,012 | 109,179 | 156,897 | 148,661 | 180,347 |
| Sales | 180,000 | 185,000 | 185,000 | 185,000 | 190,000 | 180,000 | 185,000 | 200,000 | 210,000 | 210,000 | 170,000 | 160,000 | 150,000 |
| Sales Tax Collections | 15,516 | 15,947 | 15,947 | 15,947 | 16,378 | 15,516 | 15,947 | 17,240 | 18,102 | 18,102 | 14,654 | 13,792 | 12,930 |
| DIP Loan | | | | 50,000 | | | | | | | | | |
| **Total Receipts** | 195,516 | 200,947 | 200,947 | 250,947 | 206,378 | 195,516 | 200,947 | 217,240 | 228,102 | 228,102 | 184,654 | 173,792 | 162,930 |
| **Operating Disbursements** | | | | | | | | | | | | | |
| Merchandise Payments | 45,000 | 35,000 | 40,000 | 45,000 | 95,000 | 60,000 | 55,000 | 60,000 | 60,000 | 50,000 | 35,000 | 40,000 | 45,000 |
| Rent & Related | - | 75,875 | 102,660 | 91,621 | - | 75,875 | 151,774 | 42,583 | | 53,214 | 64,490 | 60,256 | - |
| Stub Rent (October 19-31) | - | 4,624 | - | - | - | 40,690 | - | - | - | 40,690 | - | - | - |
| Payroll & Benefits & payroll tax | 55,000 | 68,710 | 76,366 | 40,606 | 62,100 | 40,606 | 62,100 | 40,000 | 62,100 | 23,000 | 84,100 | 23,000 | 72,000 |
| Sales Tax Payments (Normal Course) | | | | | 55,770 | | | | 79,735 | | | | |
| Selling, General & Administrative | 5,500 | 5,000 | 5,000 | 5,500 | 6,000 | 5,000 | 6,000 | 6,500 | 6,000 | 6,000 | 5,500 | 5,500 | 5,500 |
| Bank & Credit Card Processing Fees | - | - | 11,500 | 3,700 | 3,800 | 3,600 | 3,700 | 4,000 | 4,200 | 4,200 | 3,400 | 3,200 | 3,000 |
| Equipment Payment | - | - | - | - | - | 2,879 | - | - | - | 2,879 | - | - | - |
| Insurance | - | - | - | 15,000 | - | - | - | 15,000 | - | - | - | - | 15,000 |
| Maintenance & Repairs | 2,000 | 1,500 | - | - | 1,500 | 2,000 | | | 5,000 | | | | |
| Freight, Postage & Handling | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 |
| **Total Disbursements** | 107,900 | 191,109 | 235,926 | 201,828 | 224,570 | 231,050 | 278,974 | 168,483 | 217,435 | 180,384 | 192,890 | 132,356 | 140,900 |
| **Operating Cash Flow** | 87,616 | 9,838 | (34,979) | 49,119 | (18,192) | (35,534) | (78,027) | 48,757 | 10,667 | 47,718 | (8,236) | 41,436 | 22,030 |
| **Other Receipts (Disbursements)** | | | | | | | | | | | | | |
| UST Fees | - | - | - | - | - | - | - | - | - | - | - | (9,750) | - |
| Utility Deposit | - | - | (21,000) | - | - | - | - | - | - | - | - | - | - |
| CPA Fees | - | - | - | (1,500) | - | - | - | - | (1,500) | - | - | - | (1,500) |
| **Total Net Cash Flow** | 87,616 | 9,838 | (55,979) | 47,619 | (18,192) | (35,534) | (78,027) | 48,757 | 9,167 | 47,718 | (8,236) | 31,686 | 20,530 |
| **Ending Balance** | 181,530 | 191,368 | 135,389 | 183,008 | 164,816 | 129,282 | 51,255 | 100,012 | 109,179 | 156,897 | 148,661 | 180,347 | 200,877 |


# EXHIBIT "2"

[Seller's Estimated Settlement Statement for Sale of Affiliate Commercial Property To Original Buyer]

# eon escrow, Inc.

3700 Wilshire Blvd., Suite 1005, Los Angeles CA 90010
Tel 213.769.0044 • Fax 213.769.0045

## SELLER'S ESTIMATED SETTLEMENT STATEMENT

| | | | |
|---|---|---|---|
| **PROPERTY:** | 2301-2313 E. 51st Street<br>Vernon, CA 90058 | **DATE:** | November 10, 2016 |
| **SELLER:** | Peace People, LLC | **CLOSING DATE:**<br>**ESCROW NO.:** | December 12, 2016<br>125040-KK |

| | DEBITS | CREDITS |
|---|---:|---:|
| **FINANCIAL CONSIDERATION** | | |
| Total Consideration | | 4,800,000.00 |
| **PAYOFF CHARGES - Wells Fargo Bank** | | |
| **[Total Payoff $2,132,813.01]** | | |
| Principal Balance | 2,100,550.29 | |
| Interest on Principal Balance at $195.4700/day to 11/03/2016 | 3,718.35 | |
| Interest on Principal Balance at $195.4700/day from 11/04/2016 to 12/12/2016 | 7,427.86 | |
| Payoff Fee | 30.00 | |
| Reconveyance Fee | 45.00 | |
| Prepayment Amount | 21,041.51 | |
| **PAYOFF CHARGES - Pacific City Bank** | | |
| **[Total Payoff $1,515,084.77]** | | |
| Principal Balance | 1,499,891.85 | |
| Interest on Principal Balance at $187.4865/day to 11/02/2016 | 7,499.46 | |
| Interest on Principal Balance at $187.4865/day from 11/02/2016 to 12/12/2016 | 7,499.46 | |
| Demand Statement Fee | 50.00 | |
| TD Reconveyance Fee | 144.00 | |
| **PAYOFF CHARGES - Pacific City Bank** | | |
| **[Total Payoff $445,840.66]** | | |
| Principal Balance | 441,956.79 | |
| Interest on Principal Balance at $55.2446/day to 11/02/2016 | 1,602.09 | |
| Interest on Principal Balance at $55.2446/day from 11/02/2016 to 12/12/2016 | 2,209.78 | |
| Reconveyance Fee | 72.00 | |
| **PAYOFF CHARGES - HAH SEONG SONG** | | |
| **[Total Payoff $520,000.00]** | | |
| Principal Balance | 520,000.00 | |
| **PRORATIONS/ADJUSTMENTS** | | |
| County Taxes at $19,902.71/semi-annually from 11/25/2016 to 01/01/2017 | | 3,980.54 |
| **COMMISSION CHARGES** | | |
| Marcus & Millichap | 72,000.00 | |
| Colliers International | 72,000.00 | |
| **OTHER DEBITS/CREDITS** | | |
| MyNHD, Inc. for Natural Hazard Disclosure | 89.95 | |
| Notary Public Notary Service and Document Signing Fee | 40.00 | |
| **TITLE/TAXES/RECORDING CHARGES - First American Title Company** | | |
| Title - Owner's Title Insurance (optional) | 4,990.00 | |
| Title - Sub Escrow Fee | 62.50 | |
| Transfer Tax - County to Los Angeles County | 5,280.00 | |
| 1st half taxes for 2016/2017 to Los Angeles County Tax Collector | 19,902.71 | |
| **ESCROW CHARGES - Eon Escrow, Inc.** | | |
| Title - Escrow Fee | 3,130.00 | |
| Title - Messenger Fee | 125.00 | |
| Digitial Scanning Fee | 25.00 | |
| **Net Proceeds** | 12,596.94 | |
| **TOTAL** | $ 4,803,980.54 | $ 4,803,980.54 |

THIS IS AN ESTIMATE ONLY AND FIGURES ARE SUBJECT TO CHANGE

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **STATUS REPORT RE: DEBTOR'S EMERGENCY MOTION FOR AN INTERIM ORDER AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL ON AN INTERIM BASIS PENDING A FINAL HEARING; DECLARATION OF JEFF SUNGHAK KIM IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 16, 2016**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Dustin P Branch    branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com**
- **Lynn Brown    notices@becket-lee.com**
- **John H Choi    johnchoi@kpcylaw.com, christinewong@kpcylaw.com**
- **Dare Law    dare.law@usdoj.gov, ron.maroko@usdoj.gov**
- **Juliet Y Oh    jyo@lnbrb.com, jyo@lnbrb.com**
- **Ronald M Tucker    rtucker@simon.com, cmartin@simon.com;psummers@simon.com;Bankruptcy@simon.com**
- **United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov**

**2. SERVED BY UNITED STATES MAIL**: On **November 16, 2016**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 16, 2016**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Served via Attorney Service*
The Honorable Sandra R. Klein
United States Bankruptcy Court
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1582 / Courtroom 1575
Los Angeles, CA 90012

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 16, 2016 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                **F 9013-3.1.PROOF.SERVICE**

| | | |
|---|---|---|
| Blue Bee, Inc.<br>Top 20, Secured Creditors, OUST, RSN | Dare Law<br>Office of the United States Trustee<br>915 Wilshire Blvd., Suite 1850<br>Los Angeles, CA 90017 | U.S. BANK EQUIPMENT FINANCE<br>1310 MADRID STREET, SUITE 106<br>MARSHALL MN 56258 |
| IRS/OHIO<br>P.O. BOX 145595<br>CINCINNATI OH 45250 | LINE & DOT, LLC DBA LUMIERE COLLECTIONS<br>1912 E. VERNON AVE., STE. 100<br>LOS ANGELES CA 90058 | PACIFIC CITY BANK<br>3701 WILSHIRE BLVD., SUITE 310<br>LOS ANGELES CA 90010 |
| BOARD OF EQUALIZATION<br>PO BOX 942879<br>SACRAMENTO CA 94279 | TYLER MALL LIMITED PARTNERSHIP, A DELAWARE LIMITED PARTNERSHIP<br>24011 VENTURA BLVD., STE. 201<br>CALABASAS CA 91302 | PACIFIC CITY BANK<br>3701 WILSHIRE BLVD., SUITE 100<br>LOS ANGELES CA 90010 |
| GGP-OTAY RANCH, L.P., A DELAWARE LIMITED PARTNERSHIP<br>24011 VENTURA BLVD., STE. 201<br>CALABASAS CA 91302 | FASHBLVD., INC.<br>1700 E. 58TH PL., #9<br>LOS ANGELES, CA 90001 | VALLEY PLAZA MALL, LP, A DELAWARE LIMITED PARTNERSHIP<br>24011 VENTURA BLVD., STE. 201<br>CALABASAS CA 91302 |
| Caribbean Queen Inc.<br>1128 S. Crocker Street<br>Los Angeles, CA 90021 | Alythea<br>1016 S. Towne Ave., #106<br>Los Angeles, CA 90021 | CA State Board of Equalization<br>P.O. Box 942879<br>Sacramento, CA 94279 |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Brian D. Huben<br>Dustin P. Branch<br>BALLARD SPAHR LLP<br>2029 Century Park East, Suite 800<br>Los Angeles, CA 90067 | Horton Plaza, LLC<br>Blackmar, Principe & Schmelter, APC<br>600 B Street, Suite 2250<br>San Diego, CA 92101 |
| Macerich Fresno LP<br>PO Box 849418<br>Los Angeles, CA 90084-9418 | L'atiste<br>424 Towne Avenue<br>Los Angeles, CA 90021 | Lynx Property Management Inc<br>924 Laguna St. Suite B<br>Santa Barbara, CA 93101 |
| Paseo Nuevo Owner LLC<br>PO Box 780268<br>Philadelphia, PA 19178-0268 | Macerich SMP LP<br>c/o David M. Cohen, Esq.<br>5950 Canoga Avenue, Suite 605<br>Woodland Hills, CA 91367 | Nine Planet<br>1022 S. Wall Street<br>Los Angeles, CA 90015 |
| SEVEND<br>2301 E. 7th St.<br>Suite E-200<br>Los Angeles, CA 90023 | Plaza Bonita, LLC<br>Blackmar, Principe & Schmelter, APC<br>600 B. Street, Suite 2250<br>San Diego, CA 92101 | Rancho Mall LLC<br>PO Box 72439<br>Cleveland, OH 44192 |
| The Retail Property Trust<br>Brea Mall<br>PO Box 772827<br>Chicago, IL 60677-2827 | Shops at Mission Viejo LLC<br>7415 Solution Center<br>Chicago, IL 60677-7004 | South Bay Center SPE LLC<br>PO Box 72056<br>Cleveland, OH 44192-0056 |

| | | |
|---|---|---|
| Tyler Mall Limited Partnership<br>SDS-12-3113<br>PO Box 86<br>Minneapolis, MN 55486-3113 | W/A SVT Holdings VI LLC<br>PO Box 749659<br>Los Angeles, CA 90074-9659 | Integrity Payment Systems<br>1700 Higgins Road # 690<br>Des Plaines, IL  60018 |
| *Counsel to Caribbean Queen Inc.*<br>Law Offices of Jacqueline N. Anker<br>27 W Anapamu, Suite 325<br>Santa Barbara, CA 93101 | *Counsel to Macerich Cerritos LLC*<br>David M. Cohen, Esq.<br>5950 Canoga Avenue, Suite 605<br>Woodland Hills, CA 91367 | |