Brian D. Huben, Cal. Bar No. 134354
Dustin P. Branch, Cal. Bar No. 174909
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400
Facsimile:  424.204.4350

Attorneys for Landlord Creditor
Westfield, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:16-bk-23836-SK |
| BLUE BEE, INC., | Chapter 11 |
| Debtor. | **MOTION OF WESTFIELD, LLC FOR AN ORDER (1) ALLOWING AS AN ADMINISTRATIVE EXPENSE POST-PETITION RENT AND LEASE CHARGES UNDER 11 U.S.C. §§ 365(d)(3) AND 503(b) AND (2) COMPELLING THE DEBTOR'S IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSES; DECLARATIONS OF SCOTT GROSSMAN AND BRIAN D. HUBEN**<br><br>Date:  December 22, 2016<br>Time:  8:30 a.m.<br>Place:  Courtroom 1575<br>           255 East Temple Street<br>           Los Angeles, CA 90012 |

Westfield, LLC, as the managing agent for the landlords of the Westfield Culver City, Westfield Fashion Square, and Westfield Topanga shopping centers (collectively, "Westfield") hereby moves this Court for an Order (1) Allowing as an Administrative Expense Post-Petition Rent and Lease Charges Under 11 U.S.C. §§ 365(d)(3) and 503(b) and (2) Compelling the Debtor's Immediate Payment of Administrative Expenses, based on the Debtor's refusal to satisfy its post-petition rent obligations under several shopping center leases.  As of the date of this motion, the Debtor owes Westfield no less than $15,297.21 in post-petition rent; by the time this motion is heard, the Debtor may owe as much as $67,224.69 (exclusive of attorney fees).

1

**MOTION TO COMPEL PAYMENT OF POST-PETITION RENT**

15180834

In support of its motion, Westfield respectfully represent as follows:

**I**

**INTRODUCTION**

Since filing its voluntary petitions under Chapter 11 on October 19, 2016, Blue Bee, Inc. (the "Debtor") has failed to pay all rent due under two of its shopping center leases with Westfield, and now owes Westfield more than $15,000.00 in administrative priority rent and lease charges. Despite the requirements of 11 U.S.C. § 365(d)(3), the Debtor has refused to pay rent due for the period from October 19, 2016 through October 31, 2016 (the "Stub Rent"). The Bankruptcy Code specifically requires that Westfield receive payment on these post-petition obligations, and the Court should order the Debtor to immediately comply with the requirements of the Bankruptcy Code and pay <u>all</u> outstanding post-petition rent.

**II**

**BACKGROUND FACTS**

The Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on October 19, 2016. Westfield is the landlord and the Debtor is the tenant under three unexpired leases of nonresidential real property (collectively, the "Leases") for retail sales space (collectively, the "Premises") at Westfield Culver City shopping center in Culver City, California, Westfield Fashion Square shopping center in Sherman Oaks, California, and Westfield Topanga shopping center in Canoga Park, California (collectively, the "Centers"). *See* Declaration of Scott L. Grossman at ¶ 3. Each of the Leases is a "lease of real property in a shopping center" as that term is used in 11 U.S.C. § 365(b)(3). *See* <u>In re Joshua Slocum, Ltd.</u>, 922 F.2d 1081, 1086-1087 (3rd Cir. 1990).

Rent under the Leases is due and payable in advance on the first calendar day of each month. *See* Decl. of S. Grossman at ¶ 4. Despite the clear language of the Leases and the mandate of the Bankruptcy Code, the Debtor has refused to pay the Stub Rent under two of the Leases. Because the Debtor is in default of its post-petition rent obligations to Westfield under the Leases, and in direct violation of 11 U.S.C. § 365(d)(3), the Debtor must be ordered to immediately pay Westfield all post-petition rent.

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909

## III

## THE DEBTOR IS REQUIRED UNDER 11 U.S.C. § 365(d)(3) TO TIMELY PERFORM ALL OBLIGATIONS UNDER THE LEASE, AND BECAUSE IT HAS FAILED TO DO SO VOLUNTARILY, MUST BE <u>COMPELLED TO PAY THE STUB RENT</u>

Since filing its petition, the Debtor has failed to pay more than $15,000.00 in post-petition rent and lease charges. A debtor's obligation to pay these post-petition lease obligations is mandated by specific provisions of the Bankruptcy Code. The relevant portion of 11 U.S.C. § 365(d)(3) provides:

> The trustee shall timely perform all of the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

11 U.S.C. § 365(d)(3). The plain language of Section 365(d)(3) and the prevailing case law in this Circuit require that the unpaid post-petition rent and charges be allowed and paid immediately as an administrative expense of the estate.

The mandate of 11 U.S.C. § 365(d)(3) is clear, and requires the Debtor to perform its obligations under the Leases. *See* <u>In re New Almacs, Inc.</u>, 196 B.R. 244, 248 (Bankr. N.D.N.Y. 1996); *see also* <u>Towers v. Chickering & Gregory (In re Pacific-Atlantic Trading Co.)</u>, 27 F.3d 401 (9th Cir. 1994); <u>Cukierman v. Uecker (In re Cukierman)</u>, 265 F.3d 846, 851 (9th Cir. 2001); <u>Kir Temecula v. LPM Corporation (In re LPM Corporation)</u>, 300 F.3d 1134 (9th Cir. 2002).

The Ninth Circuit has long recognized a debtor's obligation to pay post-petition administrative rent under Section 365(d)(3) for nonresidential real property leases. Specifically, the Ninth Circuit holds that "section 365(d)(3) expresses the intent of Congress to secure for lessors the full amount of rent due during the 60-day period while the trustee determines to accept or reject the lease, *regardless of any benefit to the estate*.[1] The statute does not require the lessor to take any

---

[1] The <u>Pacific-Atlantic Trading</u> case was decided under a prior version of the Bankruptcy Code. Following the 2005 amendment to the Bankruptcy Code, the 60-day period referenced by the <u>Pacific-Atlantic Trading</u> court is now 120 days.

3

**MOTION TO COMPEL PAYMENT OF POST-PETITION RENT**

1 action." In re Pacific-Atlantic Trading Co., 27 F.3d at 405 (emphasis added).  Courts throughout the country concur.  *See* In the Matter of The Barrister of Delaware, Ltd., 49 B.R. 446, 447 (Bankr. D. Del. 1985); In re Dieckhaus Stationers of King of Prussia, 73 B.R. 969, 972-73 (Bankr. E.D. Pa. 1987).  Unfortunately, while the statute does not require any action by Westfield, the Debtor's failure here to satisfy the requirements of Section 365(d)(3) has forced Westfield to prosecute this Motion.

The primary goal of 11 U.S.C. § 365(d)(3) is to prevent Westfield from becoming an involuntary post-petition lender to a debtor's estate.  In re Handy Andy Home Imp. Centers, Inc., 196 B.R. 87, 95 (Bankr. N.D. Ill. 1996).  The legislative history likewise demonstrates that the purpose of Section 365(d)(3) is to ensure that landlords receive immediate payment for lease obligations and prevent the injustice of landlords providing forced and uncompensated services to debtors.  *See* Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.), 268 F.3d 205, 211 (3rd Cir. 2001); *see also* In re Cukierman, 265 F.3d at 851.  The same legislative history also demonstrates that § 365(d)(3) is intended "to relieve the burden placed on nonresidential real property lessors (or 'landlords') during the period between a tenant's bankruptcy petition and assumption or rejection of a lease."  *See* Omni Partners, L.P. v. Pudgie's Dev. of NY, Inc. (In re Pudgie's Dev. of NY, Inc.), 239 B.R. 688, 692 (S.D.N.Y. 1999), *quoting* 130 Cong. Rec. S8894-95 (daily ed. June 29, 1994) (statements of Sen. Hatch).  In short, Congress and the courts have determined that a landlord should immediately receive the benefit of its bargain and be compensated for being compelled by the Bankruptcy Code to continue providing a debtor with a critical service post-petition.  In re Travel 2000, Inc., 264 B.R. 444 (Bankr. W.D. Mich. 2001).

Additionally, the Debtor's obligations under 11 U.S.C. § 365(d)(3) have priority over ordinary administrative claims allowed under 11 U.S.C. § 503.  Under 11 U.S.C. § 365(d)(3), lease obligations must be paid *immediately* pursuant to the lease terms, without such delay as may occur as to ordinary section 503 claims.  *See, e.g.*, In re Duckwall-Alco Stores, Inc., 150 B.R. 965, 971 n.10 (Bankr. D. Kan. 1993).  This heightened priority exists because the Debtor's obligations under 11 U.S.C. § 365(d)(3) are independent of, and not subject to, the requirements for the allowance of administrative expenses pursuant to 11 U.S.C. § 503.  *Id.*; In re Rare Coin Galleries of America,

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909

Inc., 72 B.R. 415, 416 (Bankr. D.Mass. 1987); In re Dry Dock & Repair Corp., 62 B.R. 879, 882-83 (Bankr. E.D.N.Y. 1986). Courts have upheld the requirement of immediate payment (and the landlords' right to retain such payments) even when faced with an estate's later administrative insolvency. *See* In re Leisure Time Sports, Inc., 189 B.R. 511, 513 (Bankr. S.D. Cal. 1995) (landlord cannot be compelled to disgorge properly paid administrative rent because a case subsequently proves to be administratively insolvent); In re Pudgie's Dev. of NY, Inc., 223 B.R. 421, 426 (Bankr. S.D.N.Y. 1998) (rent paid to landlord not subject to recapture even if estate later administratively insolvent); In re: Pudgie's Dev. of NY, Inc., 202 B.R. 832, 835-836 (Bankr. S.D.N.Y. 1996) (lessor entitled to immediate payment of post-petition rent); In re: Brennick, 178 B.R. 305 (Bankr. D. Mass. 1995) (ordering immediate payment and no requirement of future disgorgement if estate found administratively insolvent); In re: Telesphere Communications, Inc., 148 B.R. 525 (Bankr. N.D. Ill. 1992) (same as Brennick). Here, there is no present indication that the case is administratively insolvent.

There is no dispute that the Debtor has failed to comply with the requirements of 11 U.S.C. § 365(d)(3). As of the date of this Motion, the Debtor has failed to pay $15,297.21 in post-petition rent for two of the Leases. *See* Decl. of S. Grossman at ¶ 5. This Court should allow the Stub Rent as administrative expenses against the estate, and compel the Debtor's immediate payment to Westfield. To the extent the Debtor has failed to pay December rent of $51,927.48 for all three of the Leases (*see* Decl. of S. Grossman at ¶ 6) in full, the Debtor should be ordered to pay that sum immediately under 11 U.S.C. § 365(d)(3) as well.

## IV

## WESTFIELD IS ALSO ENTITLED TO AN ADMINISTRATIVE EXPENSE CLAIM FOR THE STUB RENT UNDER 11 U.S.C. § 503(b)

As indicated above, the Debtor has failed to satisfy its Stub Rent payment obligations for its post-petition use and occupancy of the Premises from the date of the bankruptcy filing through the end of October 2016. To the extent that Stub Rent for the portion of October 2016 rent and lease charges is not allowed administrative expense priority under Section 365(d)(3), the Stub Rent is nonetheless entitled to administrative priority under Section 503(b). In re UAL Corporation, 291

B.R. 121, 127 (Bankr. N.D. Ill. 2003) (citing In re HQ Global Holdings, Inc., 282 B.R. 169, 173-74 (Bankr. D. Del. 2002)).

The Debtor continues to use the Premises after the petition date and Westfield continues to provide the services required of it under the Leases with the Debtors that substantially benefit the estate. The use of the Premises is actual and necessary to the continuing operation of the Debtor's business. Therefore, even if the Court is not inclined to confer administrative priority status to the Stub Rent under Section 365(d)(3), the Court should nevertheless allow the Stub Rent as an administrative expense pursuant to 11 U.S.C. § 503(b), which provides in pertinent part:

> After notice and a hearing, there shall be allowed administrative expenses . . . including - (1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case.

In order to qualify for an administrative claim under § 503(b), the administrative claimant must demonstrate that the debt arose from a transaction with the debtor-in-possession and directly and substantially benefited the estate, and that the expense must be an actual and necessary cost of preserving the estate. *See* Abercrombie v. Hayden Corp. (In re Abercrombie), 179 F.3d 755 (9th Cir. 1998). The request for payment of lease charges during Debtor's post-petition occupancy and use of leased locations satisfies Section 503(b)'s requirements. *See* Zagata Fabricators v. Super. Air Prods., 893 F.2d 624 (3rd Cir. 1990).

First, there is no dispute that the Debtor and Westfield are parties to the Leases. *See* Decl. of S. Grossman at ¶ 3. Therefore, Westfield is supplying services directly to the debtor-in-possession. Second, Westfield's provision of services required of it under the Leases has allowed the Debtor to continue to operate its business to the direct benefit of the estate. As a result, Westfield's services were actual and necessary to the Debtor's business operations. Therefore, the only remaining issue is the determination of the value of the services provided by Westfield under the Leases with the Debtor.

Absent evidence to the contrary, the "amount fixed by the lease is presumed to represent the reasonable value of the use and occupancy of the premise." In re Section 20 Land Group, Ltd., 261 B.R. 711, 717 (Bankr. M.D. Fla. 2000) (*citing* In re Litho Specialties, Inc., 154 B.R. 733, 740 (D.

6

**MOTION TO COMPEL PAYMENT OF POST-PETITION RENT**

Minn. 1993)). Therefore, the rent reserved in the lease is presumptive evidence of the lease's fair and reasonable value. In re Silicon Valley Telecom Exchange, LLC, 284 B.R. 700, 706 (Bankr. N. D. Cal. 2002); In re Sanborn, Inc., 181 B.R. 683, 688 (Bankr D. Mass. 1995) (the reasonable value for the use of the premises is the lease contract rate, absent evidence that the contract rate is unreasonable).

In order to rebut the presumption that the contract rate provided by the Leases with Westfield is the fair and reasonable value for the services provided by Westfield, the Debtor must provide credible evidence that the contract rate is not reasonable. Section 20 Land Group Ltd., 261 B.R. at 717 (*citing* Litho Specialties, Inc., 154 B.R. at 740). In this case, Debtor cannot rebut the presumption. The Debtor has had the benefit of the use and occupancy of the Premises from the petition date through at least the date of this Motion, and thereafter. The use of the Premises was necessary for the operation of Debtor's business. Additionally, the Debtor historically paid the contract rate for the charges owing under the Leases.

**V**

**UNDER THE LEASES, WESTFIELD IS ENTITLED TO RECOVER ITS ATTORNEY FEES AND COSTS IN PROSECUTING THIS MOTION**

Westfield has expended attorney fees and costs in the preparation and prosecution of this Motion. Section 20.09 of each of the Leases contain attorney fee provisions entitling Westfield to recover fees in the event it is required to take legal action to enforce the terms of the Lease specifically in the context of a bankruptcy case.

The Supreme Court has upheld the enforceability of attorneys' fees clauses, ruling that pre-petition attorneys' fee clauses were enforceable with respect to issues peculiar to bankruptcy law. Travelers Casualty & Surety Co. Of America v. Pacific Gas & Electric, 127 S.Ct. 1199, 1206 (2007). Moreover, the Ninth Circuit has held that an unsecured creditor may recover post-petition attorney fees as part of its unsecured claim against the debtor. *See* In the Matter of SNTL Corporation (SNTL Corporation v. Centre Insurance Company), 571 F.3d 826 (9th Cir. 2009).

By the time this Motion is heard, Westfield will have expended an estimated $5,400.00 in attorney fees and costs. *See* Decl. of B. Huben at ¶¶ 3 - 5. In light of the clear authority

7

**MOTION TO COMPEL PAYMENT OF POST-PETITION RENT**

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909

establishing Westfield's right to received immediate payment of post-petition rent, and the undisputed fact that the Debtor has not paid all post-petition rent and charges under the Lease, the Debtor should be ordered to immediately pay Westfield the Stub Rent as an administrative expense against the estate, plus attorney fees of $5,400.00.

## VI

## **CONCLUSION**

The requirements of 11 U.S.C. §§ 365(d)(3) are clear, and the Debtor has failed to comply with its obligation to pay post-petition rent and lease charges. Accordingly, this Court should enter an order allowing administrative expense priority and compelling the Debtor's immediate payment of $15,297.21 in Stub Rent for Westfield Culver City and Westfield Topanga, plus $5,400.00 for attorney fees incurred by Westfield in prosecuting this Motion. Moreover, to the extent the Debtor has failed to pay December 2016 rent in full, the Debtor should also be ordered to pay Westfield the sum of $51,927.48 (for Westfield Culver City, Westfield Fashion Square, and Westfield Topanga). Westfield also requests that the Court prohibit the Debtor's expenditure of any funds in the absence of the payment(s) requested here, and grant Westfield such other and further relief as the Court deems appropriate under the circumstances of this case.

Dated:   November 28, 2016              **BALLARD SPAHR LLP**

By: /s/ Brian D. Huben
        Brian D. Huben

Attorneys for Landlord Creditor
Westfield, LLC

## **DECLARATION OF SCOTT L. GROSSMAN**

I, Scott L. Grossman, declare as follows:

1. I am an adult and employed as an Executive Vice President - Corporate by Westfield, LLC ("Westfield"), which is the managing entity for the landlords of the Westfield Culver City, Westfield Fashion Square, and Westfield Topanga shopping centers (collectively, the "Centers"), each of which is a landlord creditor in the case entitled In re: Blue Bee, Inc., and bearing United States Bankruptcy Court (C.D. Cal.) Case No. 2:16-bk-23836-SK (the "Case"). The following facts are of my own personal knowledge, except those stated upon information and belief, and as to all such facts stated upon information and belief, I am informed and believe that the same are true. If called as a witness, I could and would competently testify to the truth of the following facts. This declaration is made pursuant to 28 U.S.C. § 1746 and in support of Westfield's Motion for an Order (1) Allowing as an Administrative Expense Post-Petition Rent and Lease Charges Under 11 U.S.C. §§ 365(d)(3) and (2) Compelling the Debtor's Immediate Payment of Administrative Expenses (the "Motion to Compel").

2. In my capacity as Executive Vice-President – Corporate, I am generally familiar with the documents contained in the lease files for tenants, such as the leases and any amendments, as well as the calculations generated by the bookkeeping staff regarding past due rent and unpaid lease charges. Such documents were and are made in the ordinary course of business for Westfield and/or its predecessor-in-interest, at or near the time of the event to which each document relates, and were prepared by persons employed by Westfield and/or its predecessor-in-interest charged with accurately and truthfully preparing such documents.

3. True and correct copies of the Debtor's leases (along with any amendments) for retail sales space at the Centers (collectively, the "Leases") are attached as follows:

- Exhibit 1 – Westfield Culver City
- Exhibit 2 – Westfield Fashion Square
- Exhibit 3 – Westfield Topanga

4. Under the Leases, the Debtor is required to pay all rent and charges on a monthly basis, in advance, on the first calendar day of each month.

9

**MOTION TO COMPEL PAYMENT OF POST-PETITION RENT**

5. As of the date of this declaration, the Debtor has failed to pay all post-petition rent due under the Leases in the following amounts:

- Westfield Culver City, located in Culver City, California
  - October Stub = $7,934.40
- Westfield Topanga, located in Canoga Park, California
  - October Stub = $7,362.81

6. Under the Leases, December 2016 rent and charges are due and payable in full on December 1, 2016 as follows:

- Westfield Culver City = $18,564.47
- Westfield Fashion Square = $16,135.79
- Westfield Topanga = $17,227.22
  - *Total rent due for the Centers for December 2016 = $51,927.48*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 22ND day of November, 2016 at Los Angeles, California.

*Scott L. Grossman*
Scott L. Grossman

## **DECLARATION OF BRIAN D. HUBEN**

I, Brian D. Huben, declare as follows:

1. I am attorney at law licensed to practice in California, admitted to practice before this Court, and a partner with the law firm of Ballard Spahr LLP, attorneys of record for landlord creditor Westfield, LLC ("Westfield") in this Chapter 11 Case. The following facts are of my own personal knowledge, except those stated upon information and belief, and as to all such facts stated upon information and belief, I am informed and believe that the same are true. If called as a witness, I could and would competently testify to the truth of the following facts. This declaration is made pursuant to 28 U.S.C. § 1746 and in support of Westfield's Motion for an Order (1) Allowing as an Administrative Expense Post-Petition Rent and Lease Charges Under 11 U.S.C. §§ 365(d)(3) and (2) Compelling the Debtor's Immediate Payment of Administrative Expenses (the "Motion to Compel").

2. I am the attorney primarily responsible for representation of Westfield in this Chapter 11 case.

3. My hourly billing rate is $675.00. The Debtor's failure to pay post-petition rent as required by 11 U.S.C. § 365(d)(3) has necessitated the filing of the Motion to Compel in order to protect the rights of Westfield.

4. I spent approximately five (5) hours preparing the Motion to Compel, and anticipate incurring approximately another three (3) hours to prepare for and attend the December 22, 2016 hearing.

5. I estimate the fees incurred by Westfield through the hearing on the Motion to Compel will total $5,400.00.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 28, 2016 at Los Angeles, California.

                                                   /s/ Brian D. Huben
                                                            Brian D. Huben

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2029 Century Park East, Suite 800, Los Angeles, CA 90067-2909.

A true and correct copy of the foregoing document described as **LIMITED OBJECTION AND JOINDER OF VARIOUS LANDLORD CREDITORS TO ENTRY OF FINAL ORDER ON DEBTOR'S USE OF CASH COLLATERAL** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 28, 2016**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Lynn Brown on behalf of Creditor American Express Travel Related Services Company Inc
notices@becket-lee.com
John H Choi on behalf of Interested Party Courtesy NEF - johnchoi@kpcylaw.com, christinewong@kpcylaw.com
Dare Law on behalf of U.S. Trustee United States Trustee (LA) - dare.law@usdoj.gov, ron.maroko@usdoj.gov
Thor D McLaughlin on behalf of Creditor GGP Northridge Fashion Center, LP -
tmclaughlin@allenmatkins.com, igold@allenmatkins.com
Thor D McLaughlin on behalf of Creditor Glendale I Mall Associates, LP -
tmclaughlin@allenmatkins.com, igold@allenmatkins.com
Thor D McLaughlin on behalf of Creditor La Cienega Partners Limited Partnership
tmclaughlin@allenmatkins.com, igold@allenmatkins.com
Juliet Y Oh on behalf of Debtor Blue Bee, Inc. - jyo@lnbrb.com, jyo@lnbrb.com
Ronald M Tucker, Esq on behalf of Creditor Simon Property Group, Inc.
rtucker@simon.com, cmartin@simon.com;psummers@simon.com;Bankruptcy@simon.com
United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On **November 28, 2016**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 28, 2016**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

Honorable Sandra R. Klein                                                                 VIA PERSONAL DELIVERY
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1582 / Courtroom 1575
Los Angeles, CA 90012

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 28, 2016 | Donna Carolo | /s/ Donna Carolo |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.